## John Houston *versus* The New England Insurance Company.

A ship insured from St. Johns, N. B., to Kingston and a market in Jamaica, sailed with orders to proceed to Jamaica, and when off the east end of the island, if in season to fulfil a contract for the delivery of goods at Port Maria, to proceed direct to that place, but otherwise to proceed to Kingston, sell such part of her cargo as was saleable, and then proceed with the residue to Port Maria. She went to Port Maria and not to Kingston, and on her return voyage was lost. *Held*, that there was an inception of the voyage insured; that there was no deviation; and that omitting to communicate the orders to the underwriter, was not a material concealment.

*Held* also, that in an action on the policy, it was competent to the assured to exhibit the orders above mentioned in evidence to prove the real destination of the ship, notwithstanding they were not communicated to the underwriter.

Assumpsit upon a policy of insurance on the ship James and cargo, "at and from St. Johns, New Brunswick, to Kingston and a market in Jamaica, and at and from thence back to St. Johns, N. B."

The parties stated the following case.

The vessel cleared at St. Johns for Jamaica on the 18th of November, 1824, and sailed thence on the 23d with a cargo, bound, according to the protest made by the supercargo and her then captain, to Port Maria in Jamaica, where she arrived on the 14th of December. She there disposed of her outward cargo, without going or attempting to go to Kingston. On the 4th of April, 1825, having received on board a return cargo, she sailed for St. Johns, N. B., and on the 30th the ship and cargo were totally lost by the perils of the seas.

The plaintiff claims the right to prove the true destination of the ship at the time of her sailing from St. Johns, and to introduce the instructions given to the master and supercargo, as part of the case. This the defendants resist, on the ground that neither the instructions, nor the substance of them, were communicated at the time of effecting the insurance. But if the plaintiff would be permitted to prove, on a trial by jury, what was the real destination, it is agreed that, pursuant to the instructions above mentioned, the master was to proceed to Kingston or any other port in Jamaica to

which he might be ordered by the supercargo ; and the super- <span>Houston<br>v.<br>New Eng.<br>Ins. Co.</span> cargo was directed to proceed with the ship to Jamaica, and when off the east end of the island, if he was in season to fulfil a contract respecting part of the cargo deliverable at Port Maria on or before the 15th of December, and the time should appear favorable, to proceed direct to Port Maria ; but if he should not arrive in season to fulfil that contract, his orders were to proceed direct to Kingston, there dispose of such part of his cargo as should be saleable, and proceed with the residue to Port Maria.

The plaintiff represents that the course from St. Johns to Kingston and to Port Maria, is the same, until the vessel arrives off the east end of the island of Jamaica.

The port of Kingston is the principal port for trade in Jamaica, and is an excellent harbour.

The plaintiff claims for a total loss ; which the defendants resist, on the ground that they insured the vessel first to Kingston, and from thence, if necessary, to a market in Jamaica ; that the voyage performed was not the one insured, and if commenced, there was a deviation which discharged the underwriters before the happening of the loss ; or that the policy is void on account of a material concealment, and the instructions before mentioned, if received in the case, are not in compliance with the conditions of the policy.

If the Court shall be of opinion that the plaintiff is entitled to recover, the defendants shall be defaulted ; otherwise the plaintiff is to deliver up the policy to be cancelled, and judgment is to be rendered for the defendants for costs.

*Shaw* and *Sohier*, for the plaintiff, cited *Tasker* v. *Cun-* <span>*July* 21*st*,<br>1826.</span> *ninghame*, 1 Bligh, 87 ; *Metcalfe* v. *Parry*, 4 Campb. 123 ; *Maxwell* v. *Robinson*, 1 Johns. R. 333 ; *Cruikshank* v. *Janson*, 2 Taunt. 301 ; *Lawrence* v. *Ocean Ins. Co.* 11 Johns. R. 241 ; *New York Firem. Ins. Co.* v. *Lawrence*, 14 Johns. R. 55 ; *Andrews* v. *Mellish*, 5 Taunt. 496 ; *Marsden* v. *Reid*, 3 East, 572 ; Park, (7th ed.) 446 ; *Norville* v. *St. Barbe*, 5 Bos. & Pul. 434 ; *Kane* v. *Col. Ins. Co.* 2 Johns. R. 264 ; *Henshaw* v. *Mar. Ins. Co.* 2 Caines's R. 274 ; *Mar. Ins. Co.* v. *Tucker*, 3 Cranch, 357 ; *Talcot* v. *Mar.*    91

*Ins. Co.* 2 Johns. R. 130 ; *Vandervoort* v. *Smith*, 2 Caines's R. 155.

*Webster* and *Hubbard*, for the defendants. The voyage performed, and which was pursuant to the original intent of the plaintiff, was from St. Johns to Port Maria, so that there was no inception of the voyage insured. In cases of insurance to any particular place and a market, a distinction is to be made in regard to the place named. If it is itself a market, and not merely a place to touch at for information, the vessel must proceed there first. Here the place named is the principal market in Jamaica, and the insurer had a right to calculate the risk, upon the probability that the outward voyage would terminate at Kingston. The policy means, that the ship is to go first to Kingston, and failing of a market there, to proceed for a market to such other port or ports in Jamaica, as the discretion of the master, exercised at the time, shall determine. It has not been pretended, that she could proceed to Kingston after going to Port Maria. If then the plaintiff is to recover, the policy, instead of insuring a voyage to Kingston and a market, insures one to Port Maria, and all other places in Jamaica except Kingston, the principal market. A construction leading to such a consequence cannot be right. *Wooldridge* v. *Boydell*, 1 Doug. 16.

But if there was an inception of the voyage insured, then we say there was a deviation. *Beatson* v. *Haworth*, 6 T. R. 531 ; *Marine Ins. Co. of Alexandria* v. *Stras*, 1 Munf. 408.

Under the policy, the master was to seek a market according to his discretion acting on the emergency of the case, but his instructions before he sailed restrained this discretion ; the omission to communicate the instructions was therefore a material concealment. *Middlewood* v. *Blakes*, 7 T. R. 162.

The opinion of the Court was drawn up by

PARKER C. J. We see no reason why the instructions to the captain should not have been admitted in evidence. They were a document of the voyage, and must be produced by the insured when called for. So they may be exhibited

by him, if necessary, to show that the voyage described in the policy was intended when the vessel sailed.

The first objection to the plaintiff's recovery, which we have thought deserving of much consideration, is the supposed variance between the voyage on which the vessel sailed, and that for which she is insured by the policy. The voyage insured is, " at and from St. Johns, New Brunswick, to Kingston and a market in Jamaica, and at and from thence back to St. Johns, N. B." The vessel went direct from St. Johns to Port Maria in Jamaica, without going to Kingston ; and it is insisted by the defendants, that this voyage was not covered by the policy, because, according to the terms of it, she should have gone first to Kingston, before she could have a right to go to any other port in Jamaica.

We do not find among the authorities cited in support of this position, any but the case in Virginia, in 1 Munf. 408, which sustains it. Most of the cases cited only establish the point, that where the insurance is to several ports, and the vessel goes to more than one, she must pursue the order in which they are named in the policy. The case in Munford however fully maintains the defence ; but the law being otherwise settled in England and New York, both of which communities are of the highest commercial character, we cannot adopt the decision in Virginia as the law merchant in relation to this subject. The case of *Marsden* v. *Reid*, 3 East, 572, and that of *Kane* v. *Columbian Ins. Co* 2 Johns. R. 264, most clearly settle this question, namely, that a vessel insured to several ports in succession, may go to any one, without beginning the series, and may thence return to her port of discharge under the policy. And we are satisfied with the correctness of this doctrine, and its utility to the insurer as well as insured ; for it would benefit neither, that the vessel should be obliged to go to more ports than the purposes of the voyage make necessary. And we see no difference in this respect between the terms of this policy, and those used in the case of *Marsden* v. *Reid*. " To Kingston and a market," is the same substantially as " to Kingston and any other port in Jamaica," and that would be the same as if all

the ports had been named in succession, as " to Palermo, Messina, Naples, and Leghorn," in the case of *Marsden* v. *Reid*.[1]

Considering then that by the terms of this policy, according to the legal construction of them, the insured had a righ. to send the vessel either to Kingston or to Port Maria, under the restriction, that if she went to Port Maria she could not go afterwards to Kingston, we are to determine, whether the intention to go to Port Maria and not to Kingston, existing before the policy was made, should have been declared to the insurers ; in other words, whether the not declaring this intention, and the actual sailing of the vessel pursuant thereto, avoids the contract, on the ground of concealment of a material fact known to the insured ; and we are satisfied, that neither upon principle nor authority does this consequence follow.    The legal construction of contracts of this nature is presumed to be known to the contracting parties ; if it is not, they are still bound by it, and they cannot excuse themselves by an assertion of ignorance of the extent of their obligation.    When the insurer undertook the risk of this vessel to Kingston and a market in  Jamaica, he must be presumed  to have known, that she might go  to  any port  in  that island which furnished  a market, and that the only effect of inserting Kingston was  to oblige  her  to try a  market  there first, if she went there at all.   Now admitting, that on account of the superior safety of Kingston, or the great probability that if she touched there she would find a suitable market, and so would not go to other ports, the risk would have been estimated higher if it were known she was bound to Port Maria and not to Kingston, this was a proper subject of speculation for the insurer, and for inquiry, if he deemed it important.    The right to go to Port Maria was given by the policy ; it was then within the compass of probability that she might go there. and it was in the power of the insurer to make it certain, before he agreed to the insurance, by inquiring of the assured, who would have been bound to answer truly, or he would lose the benefit of his contract.    If the

---

[1] See *Hale* v. *Mercantile Ins. Co.* 6 Pick. 172.

going to Kingston first was deemed essential by the insurer, he should have provided for it ; if the knowledge that she would not go there, except on a contingency, was important, he should have inquired, for he knew enough to put him on inquiry. There was no misrepresentation to lead him astray, for insurance to Kingston and a market, is an insurance to any one port which has acquired the reputation of a market in Jamaica. And we think it would be highly prejudicial to trade, and to the honest speculations of merchants, to require of them to disclose the particular destination of their vessel, under a general insurance to several ports. A merchant has information which induces him to send a cargo to one of the West India Islands. His success may depend upon the knowledge being confined to himself. He procures insurance to the West Indies generally, or to one of the islands by name, and a market. He intends a particular one, though it may be, that on arriving there, he will judge it convenient to go to some other. The underwriter knows he has a right to go to any one. Now we think he ought not to be held, un-asked, to disclose the particular object of his expedition. It is enough, that if inquired of, he must either tell, or apply somewhere else for insurance, if the underwriter applied to make it an object to know. So of an insurance to any port beyond the Cape of Good Hope ; we have never heard that a previous determination to go to some particular port must be declared, in order to make the insurance valid.

The only case to which we have been referred, to support this ground of defence, is that of *Middlewood* v. *Blakes*, 7 T. R. 162. At first sight it has considerable resemblance to the case before us ; but when analyzed and critically ex-amined, it will be found to be of a very different character. The ship was insured from London to Jamaica generally. At a certain point of the voyage, it seems, there are three diverging tracks, all of which are in the due course of the voyage, and one or the other is taken according to the judg-ment and discretion of the master when he arrives at the point of departure, according to the circumstances he may be in at the time. The insured had instructed their captain to take one of these routes, so that he had no discretion to use on

Houston<br>v.<br>New Eng.<br>Ins. Co.<br><br>94

Houston
*v.*
New Eng.
Ins. Co.

the subject. This was not made known to the underwriter, and for that cause he was held not answerable on the policy. Considering that there is always an implied condition that a vessel insured for a voyage shall pursue the usual route ; that what is usual, always makes part of the contract, unless there be some stipulation against it ; the underwriter had a right to calculate that the captain was in this instance left to his discretion, and the withholding information that it was not so, might justly, though strictly, be held to be a concealment. But the resemblance between that case and this fails in a very important feature. Here the underwriter had insured to any one of several ports, and if he wished to know whether it was more probable the vessel would go to one than another, he should have asked. There the insurance was upon a voyage in the usual course, and a voyage not in the usual course had been prescribed. To make the two cases alike, the insurance in the English case should have been to Jamaica by any of the several routes thereto which the insured might choose ; and if it had been so, a predetermination to take one of them, we think, would not have been held a concealment, because, if material, the underwriter should have inquired which was intended.

*Judgment for the plaintiff.*